· CORNES, plaintiff in error, *agt.* HARRIS, defendant in error.

*Questions discussed.*

1. Whether the *declaration* in this case was for the old assize of *nuisance*, or in an action on the *case* for nuisance ?

2. Whether an action on the case for nuisance can be commenced by *original writ ?* And if not, whether, when so commenced, the defendant, by pleading to the declaration in an action on the case, waives the defective manner in which he was brought into court ?

Harris sued Cornes in the supreme court by writ of nuisance in the following form :—

" *The People of the State of New-York* to the Sheriff of the county of Oneida, greeting :— Whereas, Oliver Harris hath complained to us that George Cornes unjustly has raised a certain slaughter-house and divers cattle-pens, sheep-pens, calf-pens, and hog-pens, in the town of Sangerfield, in your county, to the nuisance of the freehold of the said Oliver Harris : We do therefore command you, 'that you summon the said George Cornes, that he be before our justices of our Supreme Court of judicature, at the academy in the city of Utica, on the 19th day July, instant, to answer the said Oliver Harris in the premises; and have you then there this writ.

" Witness, GREENE C. BRONSON, Esquire, our chief justice, at the academy in the city of Utica, the 7th day of July, 1845.

" BEARDSLEY, *Clerk.*

" A. C. HARRIS, *Attorney.*"

The declaration, including the first count, was as follows :—

" *Oneida County, ss.*—George Cornes was summoned by writ, according to the form of the statute in such case made and provided, to answer Oliver Harris in a plea of nuisance wherefore he hath raised a certain slaughter-house, and divers cattle-pens, sheep-pens, calf-pens, and hog-pens; and thereupon the said Oliver Harris, plaintiff in this suit, by A. C. Har-

ris, his attorney, *complains* of the 'said George Cornes, defendant in this suit :—

"For that whereas the said plaintiff before and at the time of the committing of the grievances hereinafter mentioned, was, and from thence hitherto hath been and still is possessed of a certain dwelling-house and premises, with the appurtenances, situate at Sangerfield, in the county of Oneida; and in which said dwelling-house, with the appurtenances, he the said plaintiff, together with his family, at the several times hereafter mentioned, did inhabit and dwell, and still doth inhabit and dwell, to wit, at the place in the county aforesaid. And whereas also, the said defendant before and at the time of the committing of the said grievances, was, and from thence hitherto hath been and still is possessed of a certain other dwelling-house and piece of ground, with the appurtenances contiguous and near to the said dwelling-house and premises of the said plaintiff, to wit, at the place aforesaid; yet the said defendant, well knowing the premises, but contriving and wrongfully intending to injure and aggrieve the said plaintiff, and to incommode and annoy him, together with his said family, in the possession, use, occupation, and enjoyment of his said dwelling-house and premises, with the appurtenances, to wit, on the first day of June, one thousand eight hundred and forty, and on divers other days and times between that day and the time of the commencement of this suit, wrongfully and injuriously erected and made, and caused and procured to be erected and made, on the said piece of ground so being contiguous and near to the said dwelling-house and premises of the said plaintiff as aforesaid, a certain slaughter-house, and divers, to wit, ten cattle-pens, ten sheep-pens, ten calf-pens, and ten hog-pens, and the same so erected and made, wrongfully and injuriously kept and continued for a long space of time, to wit, from the day and year aforesaid hitherto, and on divers days and times during the said space of time, killed and slaughtered divers cattle and beasts, to wit, five thousand oxen, five thousand cows, five thousand calves, ten thousand sheep, and ten thousand hogs, in the said slaughter-house, and put and placed, and caused to be put and placed,

in and near the said slaughter-house, cattle-pens, sheep-pens, calf-pens, and hog-pens, divers large quantities of blood, garbage, and offal arising from the carcasses of the said cattle and beasts, and the same so there put and placed wrongfully and injuriously kept and continued for divers long spaces of time, to wit, from the day and year aforesaid hitherto; whereby, during all the time aforesaid, divers noxious and offensive smells and stenches arising from the said blood, garbage, and offal, penetrated and entered and came into the said dwelling-house of the said plaintiff, and rendered the same unwholesome, uncomfortable, and uninhabitable; and the said defendant also, on divers days and times during the space of time aforesaid, wrongfully and injuriously kept and continued in the said slaughter-house, cattle-pens, sheep-pens, calf-pens, and hog-pens, divers, to wit, fifty oxen, fifty cows, fifty sheep, fifty calves, and fifty hogs; by means whereof divers loud and offensive sounds and noises arising from the bleating, lowing, and grunting of the said sheep, calves, oxen, cows, and hogs, entered and came into and about the said dwelling-house of the said plaintiff, and further greatly annoyed, incommoded, and disturbed the said plaintiff, together with his said family, in the possession, use, occupation, and enjoyment thereof, so that by means of the several premises aforesaid, the said plaintiff hath been, during all the time aforesaid, and yet is, greatly aggrieved, disturbed, and annoyed, injured, and prejudiced in the possession, use, occupation, and enjoyment of his said dwelling-house and premises, with the appurtenances, and hindered and prevented from occupying the same in so ample and beneficial a manner as he otherwise might, could, would, and ought to have done, to wit, at the place aforesaid."

There were three other counts, substantially like the first, changing only the manner and form of stating the nuisance, and the injuries arising therefrom; and concluded as follows: "To the nuisance of the said dwelling-house and premises of the said plaintiff, and to his damage of five thousand dollars, and therefore he brings suit," &c. There was no allegation that the plaintiff was *seized in fee* of the prem-

ises occupied by him, or that he had a *freehold estate* therein.

The defendant put in a plea of not guilty in the usual form. The cause was tried at the Oneida circuit, before the Hon. PHILO GRIDLEY, circuit judge, on the fourth Monday of September, 1845. The jury found the defendant guilty, and assessed the damages of the plaintiff at $250.

The defendant moved, in the supreme court, to arrest the judgment, which motion was denied, and judgment filed, Oct. 30, 1845. There was no judgment that the nuisance be removed. The defendant brought error, and removed the record of judgment to the court for the correction of errors, and upon allegation of diminution in the record, and writ of certiorari, caused the writ of nuisance, and the rule denying the motion in arrest of judgment, to be certified to the court of errors. An assignment and joinder in error were then put in. The cause, by operation of law, was duly transferred to this court.

> *Thomas H. Flandrau, Attorney, and*
> *Wm. Tracy, Counsel* for plaintiff in error.

*First.* This action is the assize of nuisance of the common law as modified by the provisions of the revised statutes, but not altered or modified by any other statute, resolution of the courts, or rule of practice. It is not the common law remedy as it might have existed modified by acts of parliament and rules of practice in England on the 19th of April, 1775, but the original remedy changed only by the revised statutes. (*Constitution, art.* 8, § 13; 1 *R. S. p.* 46 *in* 3*d ed.* ; 2 *R. S.* 332, 3*d ed. p.* 427, §§ 1, 3, 7.)

*Second.* The writ of nuisance could be maintained only by the owner of the *freehold* affected by the nuisance. The tenant of an estate less than a freehold could not bring the action. The revisors, in continuing the action, preserved this one of its peculiar features. (*Shepard's Grand Abr., part* 2, *p,* 467, *and authorities there cited ;* 3 *Bl. Com.* 220, 221, 222.; *Rastell's Entries,* 441 ; *Fitz. Nat. Brev.,* 426, *marg., page* 183 ; 1 *Com.*

*Dig.* "*Assize,*" *b.* 4, *b.* 5, *marg.*, *p.* 694 ; *L'd Raymond,* 9 ;
1 *Rolle,* 271, *l.* 8, 12, 15 ; 2 *R. S.* 332.)

*Third.* The action being no otherwise changed by the statute,
all its incidents not affected by the statute remain. The rules
of pleading recognized by the common law, where not changed
by act of the legislature or the express rules of practice of
our courts, must therefore govern it. (*Harrison* v. *McIntosh,*
1 *John.* 384 ; *Hopkins* v. *Hopkins,* 10 *T. R.* 369.)

The following well established rules must apply :—

1. That the count must follow and be comforable to the writ :
6 *Com. Dig. Pleader,* c. 13, c. 14 ; *Co. Lit.* 303, *a ; Bac. ab,
Pleas and Pleading,* b. 4, *p.* 12 ; *Gould's Pl. Ch.* 4, §§ 1, 51.)

2. That the count must set forth plainly and with certainty
every fact and circumstance material for the maintenance of
the action. (6 *Com. · Dig. Pleader,* c. 22, c. 34, c. 50, c. 76 ;
*Pinckney* v. *Easthund. in Rutland,* 2 *Saunders R.* 379, 380 ;
*Bac. ab.* "*Pleas and Pleading,*" b. 4, *above cited,* b. 5 ; *Vau.* 8,
58 ; *Gould's Pleading,* ch. 4, §§ 7, 8, 11, 12, 24, 26, 51.)

It follows, therefore, that in the count upon a writ of nuis-
ance, the following fact be stated :—

1. That the plaintiff owned the premises affected by the
nuisance *as his freehold.*

2. That the defendant erected the nuisance to '*its* injury.

*Fourth.* In each of the counts contained in the declaration in
this case, the necessary fact that the plaintiff held *as his free-
hold* the premises affected is omitted. He declares upon a
*possessory* interest only. He simply alleges that he "*hath
been and is possessed,*" &c. They are therefore all bad for *defect
of substance,* and are not cured by verdict.

A verdict only cures such omissions in the count as must'
necessarily have been proved in order to support the allegations
contained in it, nothing more. It only advises the court that
each fact alleged in the count is proved as alleged. (*Avery* v.
*Hoole,* 2 *Cowper,* 825 ; *Graham's Pr.,* 2d ed., 657, *and cases
there cited ; Bishop* v. *Hayward,* 1 *T. R.* 470 ; *Sweetapple* v.
*Jesse,* 5 *Barn. & Adol.* 27 ; 27 *E. C. L.* 25 ; *Harrison* v.
*McIntosh,* 1 *J. R.* 380 ; *Hopkins* v. *Hopkins,* 10 *J. R.* 369.)

*Fifth.* Each of the counts in the declaration being defective *in substance,* and showing no title in the plaintiff to recover, the supreme court erred in denying the motion in arrest. (*Gr. Pr.* 641, *and cases there cited, viz., Sweetapple* v. *Jesse,* 5 *Barn. & Adol.* 27 ; 2 *Chitty's Archbold,* 948 ; 5 *Coke,* 45, *Freeman's case.*)

*Sixth.* Another peculiar feature of the assize of nuisance is, at any time while the writ is pending the defendant may abate the nuisance, and the writ itself shall thereupon abate. (*Fitzherbert Nat. Breb. p.* 426, *note a, citing* 2, *h.* 4, 11, 6*th ed.* 2, *and ass.* 454.)

*Seventh.* The action of nuisance retains its ancient character of 'a *real action.* The terms employed in the revised statutes abolish real actions, except this. It varies widely in its character from personal actions. (2 *R. S.* 343, § 24, 3*d ed.,* 436.)

1. It is not classed by the revisors with personal actions, but with ejectment, partition, waste and proceedings to quiet a title. (2 *R. S.* 302, 3*d ed., p.* 399.)

2. It is not commenced as personal actions are, by capias or declaration, but by writ. (2 *R. S.* 357, 3*d ed.,* 440.)

3. The writ need not necessarily be served personally, but may, in case defendant cannot be found, be served by leaving a copy at his dwelling-house. (2 *R. S.* 332, § 4, 3*d ed.,* 427.)

4. In case of default, instead of an ordinary inquest, the sheriff takes a jury to view the premises and inquire of the nuisance as well as of the damages. (2 *R. S.* 332, § 5, 3*d ed.,* 427.)

5. There is no repeal of the common law provision that, pending the suit, the defendant may abate the nuisance, and thus abate the suit.

*Eighth.* The plaintiff below cannot avoid our conclusions as to the defect in his declaration by calling his action anything else than a writ of nuisance. It is either that or nothing. It is commenced by the original given by the statute. It recites the original, as a declaration in that action should, and concludes as well as commences in nuisance. The difficulty with it is, that if the declaration be true in every particular, it does not authorize a recovery in that action. (2 *R. S.* 347, § 1.)

**1.** It is not enough to say that the declaration contained all which would be necessary to show in order to warrant a recovery in an action upon the case for a nuisance. Such an action is a *personal action* for the recovery of damages only, the proceedings in which are regulated in chapter 6 of the 3d part of the revised statutes, (3*d ed. vol.* 2, *p.* 439 ;) and it must be commenced against a natural person only by capias or by declaration. It could not be commenced by original writ issuing out of the supreme court. (*Hayward* v. *Hoyt,* 9 *Wend.* 484 ; *McMurray* v. *Rawson,* 3 *Hill,* 59 ; *Kent* v. *McNeal,* 1 *Den.* 436.)

**2.** If the plaintiff below desired to recover damages for the injury to his possession, he might have brought his action on the case for a nuisance. He did not do this. He elected the more severe common law proceeding by original writ, in order to be enabled by his judgment to throw down the defendant's erection, and having chosen his form of action, he must keep within the rules which govern it. (3 *Bl. Com.* 220, *and authorities under the last subdivision.*)

**3.** The plaintiff, by electing the remedy of writ of nuisance, gave the defendant the right to abate the nuisance pending the suit, and thus abate the writ. If the plaintiff is permitted to change his action after it is commenced, he may deprive a defendant of this right peculiar to the writ of nuisance.

**4.** The fact that the supreme court gave such a judgment upon the verdict as if the suit had been an action on the case, will not change the action nor cure the defect we complain of. If an action on the case for a nuisance can be commenced by original writ, there is no good reason why any other action on the case may not; as, for instance, slander, or assumpsit; nor why one may not commence any such action by a summons in waste issued pursuant to the statute. (2 *R. S.* 333, 3*d. ed.* 428.)

**5.** The decision in the case of McFarland v. Townsend (17 *Wend.* 440) does not affect this case. That case was decided upon the ground that the fact that the defendant was brought into court by a writ of nuisance did not appear, and that the declaration was a good declaration in the action it purported to be in, which was trespass. All the remainder of the

Cornes *agt.* Harris.

decision was *obiter.* (*Nichols* v. *Renss. Mutual Ins. Company*, 22 *Wend.* 128.)

Our claim is *not* that the declaration is in another form of action from the writ, but that it is a declaration in the same form of action, and that it fails to make out a title in that form of action. (*Turing* v. *Jones*, 5 *T. R.* 402 ; 2 *Wils.* 394.)

*Ninth.* The plea of the defendant below taking issue upon the declaration did not cure its defects. If a declaration be deficient in substance, the plea cannot make it good. (*Doctrina placitandi*, 69 ; *English* v. *Burnell*, 2 *Wilson*, 260 ; *Bain* v. *Clark*, 10 *Johns. R.* 424; *Doctor Bonhome's case*, 8 *Co.* 114 ; 1 *Salk.* 364 ; *Carth.* 371; *Pelton* v. *Ward*, 3 *Caines*, 76; *Hill* v. *Stocking*, 6 *Hill*, 289 ; *Harrison* v. *McIntosh*, 1 *J. R.* 380 ; *Hopkins* v. *Hopkins*, 10 *J. R.* 369; *Frary* v. *Dakin*, 7 *J. R.* 75 ; *Crozier* v. *Bartlet*, 17 *J. R.* 439 ; *Bank of Utica* v. *Smedes*, 3 *Cow.* 662 ; *Allen* v. *Crofoot*, 7 *Cow.* 46 ; *White* v. *Delavan*, 21 *Wend.* 26 ; *U. States* v. *Hungerford*, 2 *Hill*, 59 ; *Hill* v. *Stocking*, 6 *Hill*, 287.)

*A. C. Harris, Attorney, and*
*Charles P. Kirkland, Counsel,* for defendant in error.

☞ Declaration in case ; plea, do. ; verdict, do. ☜

*First.* The *declaration* in this cause is *in case* for nuisance, a mere *personal action.* (2 *Chit. Pl.* 769–776, *Phil. ed.* 1828.)

*Second.* It can not be in *the real action* of nuisance, as it omits the distinguishing and vital feature of that action, viz. : the averment of *freehold* or seizin in fee in *plaintiff and defendant.* (*Rast. Ent.* 441; *Yates Pl.* 520, 521; 2 *R.* § 257, § 3 ; 3 *Christ. Bl.* 220; 16 *Vin. Ab.* 22, *Nuisance D ; Fitz. N. B.* 183, 4, 5 ; 2 *Saund. Pl. and Ev.* 229, 686 ; 1 *Com. Dig.* 306; *D.* 1 ; 3 *Ch. Bl.* 222; 16 *Vin.* 33, *Nuisance, K.* 2 ; 2 *R. S.* 256, 7, § 7.)

☞ Must be freehold in both parties. ☜

☞ In nuisance, must state injury to plaintiff's *freehold*, and in addition to praying damages, pray *abatement of the nuisance.* ☜

*Third.* The *plea* is the proper plea in the *personal* action, not in the real. (*Jacks. Tr. Real Prop. ; app.* 360, 362.)

Cornes *agt.* Harris.

*Fourth.* The statement in the prefatory part of the declaration, as to the manner in which the defendant below was brought into court, is perfectly immaterial. It may have been good ground of *special demurrer*, but nothing more.

*Fifth.* The only mode of taking advantage of a variance between the writ and declaration, as not being in the same action, was by motion to set aside the declaration for irregularity. (1 *Wend.* 305; 4 *J. R.* 484; 12 *Wend.* 271.)

☞ Could not even have pleaded in abatement. (17 *W.* 440.) ☜

*Sixth.* It is not pretended that in this action, as stated in the declaration, the plaintiff is or possibly could be entitled to the judgment of removal given by the statute in the real action of nuisance. No such judgment has been asked for or rendered—but the plaintiff was entitled to his judgment on the verdict for his damages with costs as in any other personal action : and this is the judgment and the only judgment that has been rendered.

*Seventh.* The plaintiff in error neither has nor pretends to' any *merits*—his ground is purely and merely *technical ;* and he could have availed himself of it only as a *matter of practice* by motion to set aside the declaration for a technical variance. (2 *R. S.* 344, § 7, *sub.* 4, 2*d. ed.*)

DECISION—*judgment affirmed, unanimously.*

NOTE.—BRONSON, Judge, delivered the opinion of the court, and *held*, that it was an action on the *case*. That it was not necessary to mention the form of the action in the commencement of the declaration; that was determined by the *matter* contained in the declaration—not by the name which the plaintiff might give it.

As to the *writ.* It was of no importance how the defendant came into court. It was enough that he appeared and pleaded to the declaration in an action of which the court had jurisdiction. He could not afterward object, that he was not regularly brought into court, or that the declaration varied from the process.

*Reported* 1 *Comstock,* 223.